## In the Matter of Clifford W. SHEPARD.

### No. 49S00–0602–DI–76.

Supreme Court of Indiana.

July 18, 2006.

### ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Verified Complaint for Disciplinary Action,* we find that the respondent engaged in attorney misconduct.

**Facts:** The Commission filed its verified complaint on February 27, 2006, alleging six counts of misconduct. Respondent was served by mail on February 28 and did not file an answer. On April 25, the Commission moved for judgment on the complaint. The hearing officer entered her findings and conclusions on May 9.

**Count 1.** In August 1998, clients hired the respondent to represent them regarding fraud in the purchase of their mobile home. They paid respondent $500. There was no written agreement regarding the nature of respondent's services. When respondent informed the clients that he did not think they had a case to pursue, the clients sought a refund. On February 3, 1999, they filed a grievance. On February 5, 1999, the Commission sent a copy of the grievance to respondent and demanded a response. Respondent did not timely comply. In March of 1999, the Commission referred the matter to the Indianapolis Bar Association, but respondent did not cooperate with its investigation. Twice more the Commission made demands for information from respondent before he finally submitted a response in August 2001.

**Count 2.** On July 7, 1997, a client contacted respondent to pursue a collection matter against a tenant. The client paid respondent a fee of $320 on August 14, 1997. Over the next four months, the client was unsuccessful in his numerous attempts to contact respondent. After respondent was unsuccessful in collecting from the tenant, the client terminated the representation. On June 16, 2000, the client filed a grievance, which the Commission forwarded to respondent on June 20, with a demand for a response. When respondent did not reply, the Commission sent a second request on August 10, 2000. Several months later, respondent submitted his untimely response.

**Count 3.** On September 1, 2001, a client hired respondent to defend her in a suit filed in small claims court. The client continued to receive collection demands and tried unsuccessfully to contact the respondent. After four weeks, the client went to respondent's office and terminated the representation. On April 15, 2002, she filed a grievance with the Commission. Respondent failed to respond to the Commission's June 19 and August 8, 2002 demands for information.

**Count 4.** On December 1, 1999, a client signed an agreement with respondent authorizing him to file an individual or class action against a car dealer. Respondent also appeared for the client in a small claim case brought against the client by the car dealer. On August 25, 2000, the respondent filed a suit in federal court against the car dealer and its attorney. On April 26, 2002, respondent filed a suit on behalf of the client in the Marion County Superior Court. Subsequently, on November 8, 2002, the client revoked the authorization. The client filed a grievance with the Commission on December 26, 2002. Demands for information by the Commission dated January 2, January 21, February 20, and March 26, 2003 went unanswered until June 23, 2003.

**Count 5.** Respondent represented a client in a small claim matter that was set for hearing April 3, 2002. Respondent was not present when the court entered a default judgment against the client. When respondent did arrive, he spoke to the judge, in the absence of opposing counsel, and the judge vacated the default judgment. Opposing counsel filed a grievance. Two demand letters from the Commission, dated January 2 and February 20, 2003, went unanswered until June 19, 2003.

**Count 6.** From January 1999 until 2005, respondent continuously represented a client in various legal matters. During this same time, respondent had a personal and sexual relationship with the client, which resulted in the birth of a child on January 2, 2003. A paternity action was filed and since the child's birth there have been disputes regarding visitation and child support between respondent and the client. Nonetheless, respondent has continued representing the client.

**Violations:** By his conduct, respondent violated Ind. Professional Conduct Rule 1.2(c), which prohibits a lawyer from limiting the objectives of the representation without the consent of the client after consultation; Prof.Cond.R. 1.4(a), which requires a lawyer to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information; Prof.Cond.R. 1.4(b), which requires a lawyer to explain a matter to the extent reasonably necessary to permit the client to make informed decisions; Prof.Cond.R. 1.7(b), which prohibits a lawyer from representing a client where the representation may be materially limited by the lawyer's own interests; Prof. Cond.R. 8.1(b), which prohibits a lawyer from knowingly failing to respond to a lawful demand for information from a dis-

ciplinary authority; and Prof.Cond.R. 8.4(d), which prohibits a lawyer from engaging in conduct that is prejudicial to the administration of justice.

For the misconduct found herein, this Court now finds that the respondent is suspended from the practice of law for a period of not less than six (6) months, effective September 1, 2006, without automatic reinstatement. At the conclusion of the suspension, the respondent may petition this Court for reinstatement to the practice of law. Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward notice of this order to the respondent and his attorney; to the Indiana Supreme Court Disciplinary Commission, to the hearing officer, the Hon. Cynthia S. Emkes, Johnson Superior Court, 18 West Jefferson Street, Franklin, IN 46131–2339, and to all other entities as provided in Admis.Disc.R. 23(3)(d).

SHEPARD, C.J. and SULLIVAN, BOEHM and RUCKER, JJ., concur.

DICKSON, J., dissents, believing that respondent's misconduct warrants a more severe sanction.